IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JAMES HENRY CHANCE, ) | |
|     Plaintiff, ) | |
| ) | |
|     v. ) | Case No. 1:06cv793 |
| ) | |
| RANDALL, et al., ) | |
|     Defendants. ) | |

## ORDER

This matter is before the Court on defendants' motions to continue the hearing on plaintiff's motion for preliminary injunction [dockets # 23, 27]; defendants North Carolina Department of Crime Control & Public Safety, State Highway Patrol Division and Troopers Randall and Meade's motions to dismiss for lack of personal jurisdiction and improper venue [dockets # 15]; and defendant Gaston County, North Carolina's motions to dismiss for lack of personal jurisdiction and improper venue or in the alternative to transfer to the Western District of North Carolina, Charlotte Division [dockets # 10].

On July 10, 2006, plaintiff, a Virginia citizen and resident, filed this action in the Eastern District of Virginia. Plaintiff, proceeding *pro se*, alleges that his constitutional rights were violated by defendants during a traffic stop that occurred along Interstate 95 in Gaston County, North Carolina and during his post-arrest detention in the Gaston County, North Carolina jail.

The defendants are: (i) State Patrol Officer Randall, a North Carolina citizen and resident; (ii) State Patrol Officer Meade, a North Carolina citizen and resident; (iii) an unidentified male nurse; (iv) an unidentified medical services contractor; (v) Gaston County, North Carolina; and (vi) the North Carolina Department of Crime Control and Public Safety, State Highway Patrol

Division, an agency of the State of North Carolina.

The defendants moved to continue consideration of plaintiff's motion seeking injunctive relief pending resolution of the defendants' motion to dismiss for lack of personal jurisdiction. Defendants correctly argue that consideration of plaintiff's motion should be postponed until the defendants' potentially dispositive motions are resolved. As such, analysis proceeds to defendants' motions to dismiss.

Defendants have moved to dismiss plaintiff's complaint for lack of personal jurisdiction and improper venue asserting that the defendants have no substantial contacts with Virginia and that all of the events giving rise to the cause of action occurred in North Carolina. The plaintiff was given the opportunity to file responsive materials, pursuant to *Roseboro v. Garrison,* 528 F.2d 309 (4th Cir. 1975), but has not done so.

Where, as here, federal question jurisdiction is alleged, pursuant to 28 U.S.C. § 1331, venue is proper in a judicial district where (i) any defendant resides, if all defendants reside in the same state; (ii) a substantial part of the events or omissions giving rise to the claim occurred; or (iii) any defendant may be found, but only if there is no other district with proper venue. 28 U.S.C. § 1391(b). Here, plaintiff's complaint makes unmistakably clear that the defendants reside in North Carolina and all of the events, acts, or omissions underlying the complaint occurred in North Carolina. Accordingly, venue is improper in the Eastern District of Virginia. Yet, this does not end the analysis because it is clear that venue would be proper in the Western District of North Carolina, Charlotte Division, the district encompassing Gaston County, North Carolina.

A district court "in which is filed a case laying venue in the wrong division or district

shall . . . in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).  Thus, although venue is improper in the Eastern District of Virginia, the case may be transferred to the Western District of North Carolina, Charlotte Division, where venue is proper.  *See Porter v. Groat*, 840 F.2d 255, 258 (4th Cir. 1988).

Alternatively, even if venue were proper in the Eastern District of Virginia, a district court may transfer a civil action to any other appropriate district court "for the convenience of the parties and witnesses, [and] in the interest of justice." 28 U.S.C. § 1404(a).  The decision whether to transfer a civil action is committed to the sound discretion of the district court. *Southern Ry. v. Madden*, 235 F.2d 198, 201 (4th Cir. 1956).  Here, it is pellucidly clear that a transfer is appropriate.  All of the incidents alleged by plaintiff that give rise to his complaint occurred in Gaston County, North Carolina.  Thus, the vast majority of the evidence and witnesses necessary to adjudicate the claim will be located in Gaston County, North Carolina. Therefore, in the interest of justice and for the convenience of the parties and witnesses, the matter should be transferred to the Western District of North Carolina, Charlotte Division.

As this matter will be transferred to the proper district, it is unnecessary to decide defendant's motion to dismiss for lack of personal jurisdiction.  As the Fourth Circuit has made clear, a case may be transferred to "any district, which would have had venue if the case were originally brought there, for any reason which constitutes an impediment to a decision on the merits in the transferor district but would not be an impediment in the transferee district." *Porter*, 840 F.2d at 258, *on remand Porter v. Groat*, 713 F. Supp. 893, 895 (M.D. N.C. 1989) (stating that "personal jurisdiction over a defendant is not needed to effect a transfer").

3

Accordingly, and for good cause,

It is hereby **ORDERED** that defendants' motions to continue the hearing on plaintiff's motion for preliminary injunction pending resolution of defendants' motions is **GRANTED**. It is noted, however, that plaintiff's preliminary injunction motion may be renewed and addressed in the transferee forum.

It is further **ORDERED** that defendant Gaston County, North Carolina's motion to transfer to the Western District of North Carolina, Charlotte Division is **GRANTED**.

It is further **ORDERED** that defendants North Carolina Department of Crime Control & Public Safety, State Highway Patrol Division and Troopers Randall and Meade's motions to dismiss for lack of personal jurisdiction and improper venue; and defendant Gaston County, North Carolina's motion to dismiss for lack of personal jurisdiction and improper venue are **GRANTED IN PART** and **DENIED IN PART**. The motions are **GRANTED** insofar as this matter is **TRANSFERRED** to the Western District of North Carolina, Charlotte Division. The motions are **DENIED** in all other respects.

As this resolves all outstanding matters in this case, the Clerk is **DIRECTED** to place this matter among the ended causes.

The Clerk is further directed to send a copy of this Order to plaintiff and all counsel of record.

_____/s/_____

Alexandria, Virginia  
October 6, 2006

T. S. Ellis, III  
United States District Judge